BACHARACH, J., concurring in part and dissenting in part. I largely agree with the majority’s excellent opinion, but I respectfully disagree on the issue of improper means. The majority concludes that IBM was entitled to summary judgment on the tortious-interference claim based on the absence of evidence that IBM had used improper means. Majority Op. at 1083-84. I would instead remand for the district court to consider the issue of improper means in the first instance. The district court expressly declined to consider this issue, and the parties have given the matter only scant attention in their appeal briefs, IBM devotes less than a page to the issue, and SCO’s rejoinder consists of only slightly more than a page. In this short rejoinder, SCO advances six arguments for why IBM had acted with improper means; and we lack any briefing from IBM on these six arguments. In this situation, I believe that we should remand for the district court to decide the issue. See Rife v. Okla. Dep’t of Pub. Safety, 854 F.3d 637, 649 (10th Cir. 2017), petition for cert. filed sub nom. Jefferson v. Rife, No. 17-314 (U.S. Aug. 12, 2017). SCO has otherwise created issues of material .fact on the tortious-interference claim. First, issues of material fact exist on whether IBM directly interfered with SCO’s business relationships. As the majority acknowledges, direct evidence exists regarding interference with Hewlett-Packard. Majority Op. at 1083-84. For the interference with other business relationships, SCO presented three forms of circumstantial evidence: 1. IBM told'SCO that IBM would tell others not to do business with' SCO. 2. IBM told Hewlett-Packard that IBM would tell Intel not to do business with SCO. ■ . 3. Soon afterward, the identified business partners stopped or reduced business with SCO. The district court regarded this evidence as speculative, but Í .disagree. IBM’s threats to tell other companies to drop SCO, which they soon did, create an issue of material fact on . whether IBM carried out its threats. As a result, the evidence of interference was sufficient'to avoid summary judgment. Second, an issue of material fact exists on causation. The proximity in time between IBM’s alleged statements and other companies’ termination of business with SCO creates a genuine issue of material fact on causation. See Francis v. Nat’l DME, 350 P.3d 615, 628-29 (Utah Ct. App. 2015) (reversing a directed verdict on a tortious-interference claim because temporal-proximity evidence supported causation). Finally, an issue of material fact is present on the existence of damages. SCO was required to pay Baystar $20 million after IBM had allegedly induced Baystar to redeem its SCO shares, and Hewlett-Packard reduced its annual contributions to SCO from $1 million to $100,000. Based on these financial consequences to SCO, a jury could reasonably find the existence of damages. ⅝ * * I largely agree with the majority’s conclusions and analysis. I dissent only on the issue of improper means, which I would remand for the district court to consider in the first instance.